IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD J. MCNATT )<br>    Petitioner )<br>)<br>vs. )<br>)<br>PA BD OF PROBATION & PAROLE, )<br>    Respondent. ) | C.A.No. 04-225 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I       RECOMMENDATION**

It is respectfully recommended that the instant petition for writ of habeas corpus be dismissed due to Petitioner's failure to prosecute.

**II      REPORT**

Petitioner, an inmate currently incarcerated at the State Correctional Institution at Houtzdale, filed this petition for writ of habeas corpus on August 9, 2004.

By Order of this Court dated July 12, 2005, Petitioner was directed to show cause for his failure to cooperate with the U.S. Marshal Service in order to serve this petition.

Petitioner responded to the show cause order explaining that he needed until July 27, 2005 in order to pay the service fees to the U.S. Marshal Service.

By Order of this Court dated July 26, 2005, Petitioner was directed to provide this Court with proof of payment of the service fees before August 10, 2005. The order warned that failure to comply would result in the dismissal of this case for failure to prosecute. To date, Petitioner has not complied.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the

failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.  Id. at 868.  Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter.  Since the filing of this matter, Petitioner has taken none of the necessary first steps to prosecute this case - this case is over one year old and Petitioner has not yet paid the service fees in order to serve the petition.  Further, Petitioner has ignored orders of this Court.  Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although it is possible that Petitioner's allegations could state a habeas claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

### III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                                      S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: August 11, 2005